UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| VONERO L. WALLACE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:19-CV-203 SRW |
| | ) | |
| TERI LAWSON, | ) | |
| | ) | |
| Respondent(s). | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Petition of Vonero Wallace for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1). The matter is fully briefed. Both parties have consented to the exercise of plenary authority by a United States Magistrate Judge under 28 U.S.C. § 636(c). For the reasons set forth below, the petition for a writ of habeas corpus is denied.

**I.   BACKGROUND**

On January 11, 2016, Petitioner pleaded guilty to two counts of second-degree statutory sodomy. The parties negotiated a recommended plea agreement in which the prosecuting attorney agreed to reduce the charges from first-degree statutory sodomy, to second-degree statutory sodomy,[1] in exchange for a joint recommendation to sentence Petitioner to two seven-year sentences to run consecutively, for a total of fourteen years in prison. The day after the guilty plea, the Circuit Court for St. Louis County sentenced him to seven years imprisonment on

---

[1] "A person commits the offense of statutory sodomy in the first degree if he or she had deviate sexual intercourse with another person who is less than fourteen years of age." Statutory sodomy in the first degree is an unclassified felony. Mo. Rev. Stat. § 566.062.
  "A person commits the crime of statutory sodomy in the second degree if being twenty-one years of age or older, he has deviate sexual intercourse with another person who is less than seventeen years of age." In 2016, statutory sodomy in the second degree was a Class C felony. Mo. Rev. Stat. § 566.064.

1

each count, to be served consecutively. Petitioner did not file a direct appeal of his convictions. He did file a post-conviction relief ("PCR") motion pursuant to Missouri Supreme Court Rule 24.035. The PCR motion court denied Petitioner's claims, and the appellate court affirmed the motion court's decision. Petitioner now seeks habeas relief before this Court.

**II.    DISCUSSION**

The Court must first address whether the Petition is timely. Both Petitioner and Respondent agree the Petition is untimely. The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year statute of limitations for writs of habeas corpus filed under 28 U.S.C. § 2254, which begins running on the date the judgment becomes final. *Williams v. Bruton*, 299 F.3d 981, 982 (8th Cir. 2002). The AEDPA's one-year limitation period is tolled, however, while "a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2254(d)(2).

Petitioner was sentenced on January 12, 2016. Any notice of a direct appeal would be due ten days thereafter, but he did not appeal. *See* Mo. S. Ct. R. 30.01, 81.04. Thus, his conviction became final on January 22, 2016. Petitioner filed a *pro se* PCR motion on March 2, 2016. The statute of limitations for Petitioner's federal habeas ran for 40 days from January 22, 2016, until March 2, 2016. The statute of limitations was then tolled while Petitioner's PCR motion was pending from March 2, 2016, until March 12, 2018, the date of the Missouri Court of Appeals' mandate for Petitioner's appeal of his PCR motion; however, the statute was not tolled during two periods of time between these dates.

First, the Circuit Court denied Petitioner's PCR motion on November 2, 2016. This denial became final on December 2, 2016. *See* Mo. S. Ct. R. 81.05(a). Petitioner then had 10 days, until December 12, 2016, to file a notice of appeal. *See* Mo. S. Ct. R. 81.04(a). Petitioner

2

did not file a notice of appeal by that date. On December 22, 2016, his counsel moved to file a late notice of appeal, which the Court of Appeals granted on December 27, 2016. From December 12, 2016, until December 27, 2016, Petitioner's PCR appeal was not pending. Thus, this time period, 15 days, is not tolled from the statute of limitations. *Streu v. Dormire*, 557 F.3d 960, 966 (8th Cir. 2009) ("[A]n application is not "pending" between the expiration of the time for appeal and the filing of a petition for belated appeal."). The Court of Appeals granted Petitioner until January 16, 2017, to file the late notice of appeal. A notice of appeal was not filed by that date.

Second, on April 6, 2017, Petitioner again moved for leave to file a late notice of appeal. On April 12, 2017, the Court of Appeals granted Petitioner until April 21, 2017, to file the late notice of appeal. The time period from January 16 until April 12, 2017, is not tolled under the statute of limitations per *Streu*. This is an additional 84 days. Petitioner filed his notice of appeal on April 19, 2017, and his appeal went forward.

The Court of Appeals issued its mandate on March 12, 2018. Petitioner filed his Petition in this Court February 8, 2019.[2] The statute of limitations accrued for 333 days from when his PCR appeal was final to when he filed his federal habeas petition. In total, throughout Petitioner's PCR process and his filing of his federal habeas petition, 472 days accrued that were not tolled from the statute of limitations time period. Therefore, the Petition is untimely.

In his Reply, Petitioner asserts the Court should still consider the merits of his Petition because he is entitled to equitable tolling. Equitable tolling affords an otherwise time-barred petitioner an "exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir.

---

[2] Petitioner does not get the benefit of the Prison Mailbox Rule found in Rule 3(d) of the Rules Governing § 2254 Cases because neither his declaration, nor his envelope, indicate first-class postage was prepaid. Even if the Court applied the prison mailbox rule, it would have no effect on the timeliness of the Petition as Petitioner placed his Petition in the prison mailing system on February 7, 2019, the day before the Court received it. (ECF No. 1, at 15).

3

2001). In *Holland v. Florida*, the Supreme Court held equitable tolling applies to 28 U.S.C. § 2244(d). 560 U.S. 631, 649 (2010). A petitioner seeking equitable tolling bears the burden of establishing: (1) he has pursued his rights diligently, and (2) some extraordinary circumstance stood in his way. *Id.* The Eighth Circuit requires the circumstances to be "external to the plaintiff and not attributable to his actions." *Flanders v. Graves*, 299 F.3d 974, 977 (8th Cir. 2002). The circumstances must also "rise above a 'garden variety claim of excusable neglect.'" *Martin v. Fayram*, 849 F.3d 691, 698 (8th Cir. 2017) (citation omitted) ("*Fayram*").

Petitioner first argues the Court should toll at least eight days, or as many as thirty days, from the statute of limitations time period because he did not have access to the law library at the Department of Corrections when he arrived in January of 2016. Petitioner alleges he needed over a month to receive the proper form to file his PCR claim.

The Eighth Circuit has repeatedly held situations such as this do not qualify as an extraordinary circumstance entitled to equitable tolling. *See Fayram*, 849 F.3d at 698 ("[Petitioner's] brief lack of access to certain court documents early in the limitations period was a reasonably anticipated condition of confinement."); *Jihad*, 267 F.3d at 806-807 ("the kinds of obstacles faced by many if not most habeas petitioners" do not qualify for equitable tolling); *Earl v. Fabian*, 556 F.3d 717, 725 (8th Cir. 2009) ("Because there is no freestanding right to a particular number of hours in the prison law library, [Petitioner's] alleged limited access to the library does not impact our determination that he failed to act with the requisite diligence."); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) ("Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted."). In *Muhammad v. United States*, the Eighth Circuit held a five-month confinement in a special housing unit without access to the prison's law library, and to the petitioner's

personal and legal materials, did not constitute an extraordinary circumstance warranting the application of equitable tolling. 735 F.3d 812, 815 (8th Cir. 2013). Petitioner's one-month delay in accessing the law library does not constitute an extraordinary circumstance.

Petitioner next argues neither the court nor his attorney advised him he could file an appeal during the sentencing hearing. If they had done so, he would have filed a direct appeal which would have moved the date of the finality of his criminal conviction. (ECF No. 29, at 5). However, Petitioner cites no authority for his right to be notified of a possible appeal from a sentence which followed a joint plea agreement. Missouri Supreme Court Rule 29.07(b)(3) only requires notice of the right to appeal "[a]fter imposing sentence in a case which has gone to trial on a plea of not guilty." Petitioner's understanding of this Rule does not qualify as an extraordinary circumstance meriting equitable tolling. *See Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012) (A petitioner's *pro se* status and failure to follow rules does not typically constitute extraordinary circumstances); *Baker v. Norris*, 321 F.3d 769, 772 (8th Cir. 2003) ("Prisoners are not exempt from the principle that everyone is presumed to know the law and is subject to the law whether or not he is actually aware of the law of which he has run afoul."). "Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Kreutzer*, 231 F.3d at 463. Petitioner's lack of knowledge as to whether he could file an appeal does not qualify as a circumstance beyond his control. He makes no allegations the court or his attorney lied to him or misled him about any right to file an appeal.

Finally, Petitioner argues the Court should toll 100 additional days for the two time periods when his PCR appeal was not pending due to the late filing of the notice of appeal. (ECF No. 29, at 7). Petitioner claims his attorney abandoned him on both occasions. Petitioner alleges

5

his PCR motion counsel notified him that she would file the notice of appeal, and another lawyer would be appointed to represent him for the appeal. Petitioner states he was not advised that his counsel missed the original deadline as well as the first late notice of appeal deadline. *Id.* at 8. However, these errors were quickly corrected by PCR appellate counsel. Mr. Bell contacted Petitioner in March of 2017 and advised him that he would be his counsel for the PCR appeal and that the original appeal deadline had been missed. *Id.* Counsel sought and received permission to file the late notice of appeal in April of 2017. The late notice of appeal was filed that same month, and the PCR appeal proceeded.

Petitioner fails to establish that filing a late notice of appeal is an extraordinary circumstance or that he pursued his rights diligently during these time periods. "Whether equitable tolling is appropriate is a fact intensive inquiry that depends on the totality of the circumstances present in a particular case." *Fayram*, 849 F.3d at 698 (citing *Holland*, 560 U.S. at 649-50). For cases alleging attorney error or professional misconduct, "a garden variety claim of excusable neglect such as a simple miscalculation that leads a lawyer to miss a filing deadline does not warrant equitable tolling." *Holland*, 560 U.S. at 651-52 (internal citations and quotations omitted). "Ineffective assistance of counsel, where it is due to an attorney's negligence or mistake, has not generally been considered an extraordinary circumstance." *United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir. 2005). "[S]erious attorney misconduct, as opposed to mere negligence, may warrant equitable tolling." *Id*.

In *Holland*, described by the Supreme Court as presenting "far more serious instances of attorney misconduct," the attorney failed to file the petitioner's federal habeas petition on time despite the petitioner's many letters emphasizing the importance of doing so. 560 U.S. at 652. The attorney did not research the proper filing date, even though the petitioner himself provided

6

his attorney with the applicable legal rules. *Id*. The attorney did not inform the petitioner when the state supreme court decided his case, despite the petitioner asking many times for the information. *Id*. Finally, the attorney did not communicate with the petitioner despite pleas from the petitioner to do so. *Id*. The Supreme Court found these circumstances may "constitute extraordinary circumstances sufficient to warrant equitable relief," and remanded the case back to the district court for further fact finding. *Id*. at 653-54.

In *Martin*, the petitioner's attorney lied about the one-year deadline for filing a federal habeas motion, told the petitioner's wife he would file it in two weeks, and then after the deadline passed, said he had filed the motion when he had not. 408 F.3d at 1094. The attorney also failed to communicate with the petitioner. *Id*. at 1095. The petitioner's wife called the attorney's office approximately 40 times; none of the calls were returned. She went to his office for two meetings which the attorney failed to attend. *Id*. The Eighth Circuit held "[s]uch conduct presents the type of egregious attorney misconduct that may excuse an untimely filing." *Id*.

The misconduct alleged in Petitioner's case does not rise to the level of the misconduct found in either *Holland* or *Martin*. This case presents more closely to *Muhammad*, where the Eighth Circuit found equitable tolling was not appropriate where the attorney told the petitioner she would file a federal habeas petition on his behalf and then quit communicating with him. 735 F.3d at 815-16. The court found "Muhammad's allegations against [his former counsel] do not come close to approaching those in *Holland* and *Martin*." *Id.* at 816.

In this case, Petitioner alleges his PCR motion counsel missed the original deadline and the late deadline to file his PCR notice of appeal. Thereafter, appellate counsel promptly received permission to file a late notice of appeal and proceeded with the representation. (ECF No. 12-1, at 72). Petitioner does not allege his attorney lied to him, failed to communicate with him, or

7

withheld paperwork. The court noted in *Muhammad* the petitioner "does not claim that [his attorney] lied to him about the deadlines for filing the motion, repeatedly told him that she would file the section 2255 motion, failed to communicate critical information about his case, or withheld paperwork from him that he would need to prepare his section 2255 motion." *Id*. at 816. Petitioner's claims about his attorney's errors do not rise to the level of egregious conduct needed to establish extraordinary circumstances warranting equitable relief.

Even if Petitioner had established extraordinary circumstances prevented the timely filing of his habeas petition, he is not entitled to equitable tolling because he has not established that he pursued his rights diligently. "The diligence required for equitable tolling purposes is reasonable diligence not maximum feasible diligence." *Holland*, 560 U.S. at 653. "A petitioner acts with diligence when, for example, he writes letters to his attorney asking her to file a habeas petition, contacts the courts to learn about the status of his case, seeks to have his attorney removed for failure to pursue his case, and files a pro se petition the very day that he learns it is late." *Williams v. Kelley*, 830 F.3d 770, 773 (8th Cir. 2016) (citing *Holland*, 560 U.S. at 653). "In contrast, a petitioner does not act diligently when he simply assumes that his attorney is working on his case even though she does not respond to his communication and hangs up on him when he calls." *Id*. (citing *Muhammad*, 735 F.3d at 817).

Petitioner does not allege he called the court to see if a notice of appeal had been filed. In fact, he took no action to diligently pursue his rights during the time he seeks equitable tolling. *Muhammad* noted that contacting the court to determine whether the pleading had been filed would be "an action that certainly would fall under "reasonable diligence" in this case." 735 F.3d at 817. Whether an appeal had been filed is a matter of public record that could have been

discovered by "a duly diligent person." *Id.* (citing *Anjulo–Lopez v. United States,* 541 F.3d 814, 819 (8th Cir.2008)).

In this case, Petitioner includes no facts to establish he pursued his rights diligently. He states his PCR motion counsel told him she would file a notice of appeal and then another lawyer would be appointed. (ECF No. 29, at 8). In March of 2017, Mr. Smith contacted him, but Petitioner claims he was never advised the first deadline for a late notice of appeal had already been missed or that counsel would need to file a second request to file a late notice of appeal. *Id*. However, counsel did file a second request to file a late notice of appeal which was granted. (ECF No. 12-1, at 72). Noticeably, Petitioner does not claim he contacted his attorney, checked his appeal docket, called or wrote to the court, or took any affirmative action regarding his PCR appeal.

At the conclusion of his PCR appeal, his attorney wrote him a letter dated February 13, 2018, advising him the Court of Appeals affirmed the denial of his post-conviction motion. (ECF No. 1-3, at 1). Counsel advised him:

> You may wish to file a federal habeas corpus action under 28 U.S.C. Section 2254 challenging federal constitutional errors that were raised in your case. *Please be aware that the time limits for filing a federal habeas petition are very short - the maximum filing time is one year (minus any time you did not have a post-conviction claim pending). If you wish to file a federal habeas corpus action, you will need to do so immediately.* The time for filing *should* be "tolled" for the period that your post-conviction motion and appeal proceeded. However, to be on the safe side, if you wish to proceed in federal court, you should file without delay.

*Id.* (emphasis original).

Petitioner did not act immediately or without delay. He filed his federal habeas petition on February 8, 2019. After the conclusion of his PCR appeal, Petitioner still had 226 days remaining under the statute of limitations to file a timely petition. Despite his counsel's warning, Petitioner failed to account for the statute of limitations time which was not tolled. He then

9

waited almost a year after his lawyer's letter to file the Petition in this case. Petitioner provides no explanation for why he could not have filed the Petition on time after the conclusion of his PCR appeal when he still had ample time remaining under the statute of limitations to do so. Petitioner did not pursue his rights diligently.

Petitioner failed to establish he is entitled to equitable tolling. He did not pursue his rights diligently. Nor did some extraordinary circumstance stand in his way and prevent the timely filing of his federal Petition. The Court will dismiss the Petition as untimely.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition of Vonero Wallace for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner Vonero Wallace's Petition is **DISMISSED, with prejudice**. Petitioner has not made a substantial showing of a denial of a constitutional right, and this Court will not issue a Certificate of Appealability. 28 § U.S.C. 2253(c)(2). A separate judgment in accord with this Order is entered on this same date.

So Ordered this 15th day of April, 2021.

*/s/ Stephen R. Welby*
**STEPHEN R. WELBY**
**UNITED STATES MAGISTRATE JUDGE**